UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MORRISON MANAGEMENT
SPECIALISTS, INC.,
5801 Dunwoody Peachtree Rd NE
Atlanta, Georgia 30342

      Plaintiff

                                      Civil Action No.:

      v.

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I,

      Defendant.

Serve:
The Corporation Trust Company
The Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

## COMPLAINT

Plaintiff Morrison Management Specialists, Inc., for its Complaint against Defendant Greater Southeast Community Hospital Corporation I states as follows:

### JURISDICTION AND VENUE

1.    Plaintiff Morrison Management Specialists, Inc. ("Morrison Management") is a Georgia corporation, in good standing, with its principal place of business in Atlanta, Georgia.

2.    Defendant Greater Southeast Community Hospital Corporation I ("Greater Southeast") is a Delaware corporation with its principal place of business in the District of Columbia.

3.    This Court has jurisdiction under 28 U.S.C. § 1332 (a) in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000,

exclusive of interests and costs.

4. Venue in this District is proper under 28 U.S.C. § 1391 (a) in that Greater Southeast resides in the district and a substantial part of the events giving rise to this claim occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Morrison Management is in the business of managing food and food service operations for its clients in exchange for a fee.

6. Greater Southeast is a hospital that provides medical and surgical services to the general public.

7. Morrison Management and Greater Southeast entered into a Confidential and Proprietary Agreement with an effective date of March 8, 2005. This Confidential and Proprietary Agreement was subsequently amended to reflect a change in the Per Patient Day Rate called for under the Confidential and Proprietary Agreement without otherwise affecting the obligations called for under the Confidential and Proprietary Agreement (collectively, and as amended, the "Agreement").

8. Under the terms of the Agreement, Morrison Management agreed to provide food, nutrition, vending, management personnel and other food services programs to Greater Southeast (the "Services").

9. Under the terms of the Agreement, Morrison Management agreed to submit invoices to Greater Southeast twice per month evidencing the amounts owed by Greater Southeast to Morrison Management for the Services.

10. Under the terms of the Agreement, in exchange for the Services, Greater Southeast agreed to pay Morrison Management the invoiced amount within thirty days of the

submission of the invoice and agreed that failure to pay these amounts when due would constitute a breach of the Agreement warranting termination of the Agreement.

11. Under the terms of the Agreement, Greater Southeast further agreed that any sums that were not paid within thirty days of the submission of the invoice would bear interest at the lesser of one and one-half (1 ½ %) per month or the highest rate permitted under applicable law, accruing from the date of billing to the date of payment.

12. Under the terms of the Agreement, Greater Southeast further agreed, upon termination of the Agreement, to pay to Morrison Management the difference between the value of the relevant inventory at the time of the inception of the Agreement and the value of the relevant inventory at the time of the termination of the Agreement.

13. Under the terms of the Agreement, Greater Southeast further agreed to pay to Morrison Management all costs and expenses incurred by Morrison Management in connection with the enforcement of the Agreement, including attorneys' fees.

14. In accordance with the Agreement, Morrison Management provided food, food services, vending services, management personnel and other food services programs to the Greater Southeast and otherwise fulfilled all of its obligations and duties under the Agreement.

15. From June 2006 through to March 2007, Morrison Management provided Greater Southeast with the Services, which were valued at more than $796,549.90.

16. From June 2006 to March 2007, Morrison Management submitted invoices to Greater Southeast evidencing a total billed amount of $796,549.90.

17. From June 2006 to March 2007, Greater Southeast has failed and refused to pay the invoices that were submitted and the invoiced amount of $796, 549.90.

18. On March 2, 2007, Morrison Management provided Greater Southeast with seven

-3-

days notice that it intended to terminate the Agreement on March 9, 2007, based on Greater Southeast's failure to pay amounts due within thirty days from the date of Morrison Management's billing. On March 9, 2007, the Agreement was terminated.

19. On March 14, 2007, Morrison Management sent a letter to Greater Southeast demanding payment of the total amount of $796,549.90.

20. Despite the written demand, Greater Southeast has failed and refused and continues to fail and refuse to pay the amounts that it owed to Morrison Management.

21. Interest continues to accrue on the unpaid amounts at the rate agreed to under the Agreement.

22. Morrison Management has incurred costs and expenses and will continue to incur costs and expenses in connection with the enforcement of the Agreement, including attorneys' fees.

## COUNT 1: BREACH OF CONTRACT

23. Morrison Management re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24. Morrison Management fully performed its obligations and duties under the Agreement.

25. Despite the fact that Morrison Management fully performed its obligations and duties under the Agreement, Greater Southeast has failed and refused and continues to fail and refuse to pay Morrison Management the amounts that Greater Southeast owes Morrison Management under the Agreement.

26. Greater Southeast's failure and refusal to pay the amounts it owes to Morrison Management for the Services under the terms of the Agreement constitutes a breach of the Agreement.

27. As a direct and proximate cause of Greater Southeast's breach of the Agreement, Morrison Management has suffered and continues to suffer damages in an amount in excess of $796,549.90 for the cost of the Services, interest and services charges accruing thereon, attorneys' fees and the costs and expenses of collection.

WHEREFORE, Plaintiff Morrison Management Specialists, Inc. demands relief as follows:

A. Judgment against Greater Southeast Community Hospital Corporation I for compensatory damages in the amount of $796,549.90, plus post judgment interest.

B. Judgment against Greater Southeast Community Hospital Corporation I for all reasonable costs and expenses that Morrison Management incurs in connection with this action, including attorneys' fees.

C. Such other and further relief as the Court deems just and proper.

### COUNT 2: UNJUST ENRICHMENT

28. Morrison Management re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

29. Morrison Management conferred a benefit upon Greater Southeast by providing the Services to Greater Southeast.

30. Greater Southeast accepted and retained the benefit of the Services without which it would have been unable to operate its hospital.

31. It would be inequitable and unjust under these circumstances to allow Greater Southeast to accept and retain the benefit of the Services without payment to Morrison Management for those Services.

WHEREFORE, Plaintiff Morrison Management Specialists, Inc. demands relief as

follows:

A. Judgment against Greater Southeast Community Hospital Corporation I for compensatory damages in the amount of $796,549.90, plus post judgment interest.

B. Judgment against Greater Southeast Community Hospital Corporation I for all reasonable costs and expenses that Morrison Management incurs in connection with this action, including attorneys' fees.

C. Such other and further relief as the Court deems just and proper.

### COUNT 3: OPEN ACCOUNT

32. Morrison Management re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

33. Greater Southeast requested and Morrison Management provided the Services to Greater Southeast.

34. Morrison Management submitted invoices to Greater Southeast reflecting the reasonable amounts charged for the Services.

35. Despite repeated demands by Morrison Management for payment of the accounts stated, Greater Southeast has failed and refused to pay Morrison Management the sums owed.

36. Morrison Management has performed all conditions precedent to enforcement of its right to collect to the sums owed.

WHEREFORE, Plaintiff Morrison Management Specialists, Inc. demands relief as follows:

A. Judgment against Greater Southeast Community Hospital Corporation I for compensatory damages in the amount of $796,549.90, plus post judgment interest.

B. Judgment against Greater Southeast Community Hospital Corporation I for all reasonable costs and expenses that Morrison Management incurs in connection with this action,

including attorneys' fees.

C. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Morrison Management Specialists, Inc. demands trial by jury pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure on all issues triable of right by a jury.


MORRISON MANAGEMENT
SPECIALISTS, INC.

By Counsel

_____
Paul N. Murphy (D.C. Bar No. 186577)
Tighe Patton Armstrong Teasdale PLLC
1747 Pennsylvania Ave., N.W., 3rd Floor
Washington, D.C. 20006-4604
Telephone 202-454-2847
Facsimile 202-454-2805
pmurphy@tighepatton.com


Jonathan D. Valentino
Armstrong Teasdale LLP
One Metropolitan Square
Suite 2600
St. Louis, MO 63102-4719
Telephone 314-259-4719
Facsimile 314-552-4816
jvalentino@armstrongteasdale.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

MORRISON MANAGEMENT SPECIALISTS, INC.

## DEFENDANTS

GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul N. Murphy
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., 3rd Floor
Washington D.C. 20006
(202) 454-2800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⦿ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1332, breach of contract, unjust enrichment, suit on account.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 796,549.90+    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 03-23-07    SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.