UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MORRISON MANAGEMENT
SPECIALISTS, INC.,
5801 Peachtree Dunwoody Road,
Atlanta, GA  30342

       Plaintiff,

                                Civil Action No. 1:07-cv-00575-JR

       v.

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I,
1310 Southern Ave., SE
Washington, D.C.  20032

       Defendant.
Serve:
The Corporation Trust Company
The Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

---

**AMENDED COMPLAINT**

Plaintiff Morrison Management Specialists, Inc., for its Complaint against Defendant

Greater Southeast Community Hospital Corporation I states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff Morrison Management Specialists, Inc. ("Morrison Management") is a

Georgia corporation, in good standing, with its principal place of business in Atlanta, Georgia.

2.      Defendant Greater Southeast Community Hospital Corporation I ("Greater

Southeast") is a Delaware corporation with its principal place of business in the District of

Columbia.

3.      This Court has jurisdiction under 28 U.S.C. § 1332 (a) in that the parties are

citizens of different states and the matter in controversy exceeds the sum or value of $75,000,

exclusive of interests and costs.

4.    Venue in this District is proper under 28 U.S.C. § 1391 (a) in that Greater

Southeast resides in the district and a substantial part of the events giving rise to this claim

occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

5.    Morrison Management is in the business of managing food and food service

operations for its clients in exchange for a fee.

6.    Greater Southeast is a hospital that provides medical and surgical services to the

general public.

7.    Morrison Management and Greater Southeast entered into a Confidential and

Proprietary Agreement with an effective date of March 8, 2005 (the "Agreement").

8.    Under the terms of the Agreement, Morrison Management agreed to provide food,

nutrition, vending, management personnel and other food services programs to Greater Southeast

(the "Services").

9.    Under the terms of the Agreement, Morrison Management agreed to submit

invoices to Greater Southeast twice per month evidencing the amounts owed by Greater

Southeast to Morrison Management for the Services.

10.    Under the terms of the Agreement, in exchange for the Services, Greater

Southeast agreed to pay Morrison Management the invoiced amount within thirty days of the

submission of the invoice and agreed that failure to pay these amounts when due would

constitute a breach of the Agreement warranting termination of the Agreement.

11.    Under the terms of the Agreement, Greater Southeast further agreed that any sums

that were not paid within thirty days of the submission of the invoice would bear interest at the

lesser of one and one-half (1 ½ %) per month or the highest rate permitted under applicable law, accruing from the date of billing to the date of payment.

12.    Under the terms of the Agreement, Greater Southeast further agreed, upon termination of the Agreement, to pay to Morrison Management the difference between the value of the relevant inventory at the time of the inception of the Agreement and the value of the relevant inventory at the time of the termination of the Agreement.

13.    Under the terms of the Agreement, Greater Southeast further agreed to pay to Morrison Management all costs and expenses incurred by Morrison Management in connection with the enforcement of the Agreement, including attorneys' fees.

14.    In accordance with the Agreement, Morrison Management provided food, food services, vending services, management personnel and other food services programs to the Greater Southeast and otherwise fulfilled all of its obligations and duties under the Agreement.

15.    From June 2006 through to March 2007, Morrison Management provided Greater Southeast with the Services, which were valued at more than $780,596.58.

16.    From June 2006 to March 2007, Morrison Management submitted invoices to Greater Southeast evidencing a total billed amount in excess of $780,596.58.

17.    From June 2006 to March 2007, Greater Southeast has failed and refused to pay the invoices that were submitted and the invoiced amount in excess of $780, 596.58.

18.    On March 2, 2007, Morrison Management provided Greater Southeast with seven days notice that it intended to terminate the Agreement on March 9, 2007, based on Greater Southeast's failure to pay amounts due within thirty days from the date of Morrison Management's billing. On March 9, 2007, the Agreement was terminated.

19.    On March 14, 2007, Morrison Management sent a letter to Greater Southeast

demanding payment of the total amount owed.

20.    Despite the written demand, Greater Southeast has failed and refused and continues to fail and refuse to pay the amounts that it owed to Morrison Management.

21.    Interest continues to accrue on the unpaid amounts at the rate agreed to under the Agreement.

22.    Morrison Management has incurred costs and expenses and will continue to incur costs and expenses in connection with the enforcement of the Agreement, including attorneys' fees.

## COUNT 1: BREACH OF CONTRACT

23.    Morrison Management re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24.    Morrison Management fully performed its obligations and duties under the Agreement.

25.    Despite the fact that Morrison Management fully performed its obligations and duties under the Agreement, Greater Southeast has failed and refused and continues to fail and refuse to pay Morrison Management the amounts that Greater Southeast owes Morrison Management under the Agreement.

26.    Greater Southeast's failure and refusal to pay the amounts it owes to Morrison Management for the Services under the terms of the Agreement constitutes a breach of the Agreement.

27.    As a direct and proximate cause of Greater Southeast's breach of the Agreement, Morrison Management has suffered and continues to suffer damages in an amount in excess of $780,596.58 for the cost of the Services, interest and services charges accruing thereon, attorneys' fees and the costs and expenses of collection.

WHEREFORE, Plaintiff Morrison Management Specialists, Inc. demands relief as follows:

A. Judgment against Greater Southeast Community Hospital Corporation I for compensatory damages in the amount of $780,596.58, plus pre-judgment and post judgment interest at the contractual rate.

B. Judgment against Greater Southeast Community Hospital Corporation I for all reasonable costs and expenses that Morrison Management has incurred and will incur in connection with this action and collection of the amount owed, including attorneys' fees.

C. Such other and further relief as the Court deems just and proper.

## COUNT 2: UNJUST ENRICHMENT

28.    Morrison Management re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

29.    Morrison Management conferred a benefit upon Greater Southeast by providing the Services to Greater Southeast.

30.    Greater Southeast accepted and retained the benefit of the Services without which it would have been unable to operate its hospital.

31.    It would be inequitable and unjust under these circumstances to allow Greater Southeast to accept and retain the benefit of the Services without payment to Morrison Management for those Services.

WHEREFORE, Plaintiff Morrison Management Specialists, Inc. demands relief as follows:

A. Judgment against Greater Southeast Community Hospital Corporation I for compensatory damages in the amount of $780,596.58, plus pre-judgment and post judgment

interest at the contractual rate.

B. Judgment against Greater Southeast Community Hospital Corporation I for all reasonable costs and expenses that Morrison Management has incurred and will incur in connection with this action and collection of the amount owed, including attorneys' fees.

C. Such other and further relief as the Court deems just and proper.

## COUNT 3: OPEN ACCOUNT

32.    Morrison Management re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

33.    Greater Southeast requested and Morrison Management provided the Services to Greater Southeast.

34.    Morrison Management submitted invoices to Greater Southeast reflecting the reasonable amounts charged for the Services.

35.    Despite repeated demands by Morrison Management for payment of the accounts stated, Greater Southeast has failed and refused to pay Morrison Management the sums owed.

36.    Morrison Management has performed all conditions precedent to enforcement of its right to collect to the sums owed.

WHEREFORE, Plaintiff Morrison Management Specialists, Inc. demands relief as follows:

A. Judgment against Greater Southeast Community Hospital Corporation I for compensatory damages in the amount of $780,596.58, plus prejudgment and post judgment interest at the contractual rate.

B. Judgment against Greater Southeast Community Hospital Corporation I for all reasonable costs and expenses that Morrison Management has incurred and will incur in connection with this action and collection of the amount owed, including attorneys' fees.

-7-

C. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Morrison Management Specialists, Inc. demands trial by jury pursuant to Rule

38 (b) of the Federal Rules of Civil Procedure on all issues triable of right by a jury.

MORRISON MANAGEMENT
SPECIALISTS, INC.

By Counsel

Paul N. Murphy (D.C. Bar No. 186577)
Tighe Patton Armstrong Teasdale PLLC
1747 Pennsylvania Ave., N.W., 3rd Floor
Washington, D.C. 20006-4604
Telephone 202-454-2847
Facsimile 202-454-2805
pmurphy@tighepatton.com